UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHANIE L. GARDNER, | ) | Civil No. 10cv01181 LAB(RBB) |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **GRANTING DEFENDANT'S MOTION TO** |
| v. | ) | **DISMISS [ECF NO. 8]** |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Stephanie L. Gardner applied for supplemental security income on July 20, 2006. (Compl. 1, ECF No. 1; see also Mot. Dismiss Attach. #3 Ex. 1, at 4, ECF No. 8.) She also applied for disability insurance benefits on July 28, 2006. (Id.) Her claims were denied initially, and the denial was upheld by the Social Security Administration after reconsideration. (Mot. Dismiss Attach. #3 Ex. 1, at 4, ECF No. 8.) A hearing was held before Administrative Law Judge ("ALJ") Peter J. Valentino on December 4, 2008. (Id.) He issued a written decision on December 17, 2008, finding that Gardner was not disabled. (Compl. 2-3, ECF No. 1; Mot. Dismiss Attach. #2 Decl. Ford 3, ECF No. 8; id. Attach. #3 Ex. 1, at 11-12.) The denial of benefits became final when the Appeals

1

1 Council upheld the ALJ's decision on April 6, 2009. (Mot. Dismiss

2 Attach. #2 Decl. Ford 3, ECF No. 8; id. Attach. #3 Ex. 2.)

3      On June 2, 2010, Plaintiff filed this Complaint for Judicial

4 Review and Remedy on Administrative Decision Under the Social

5 Security Act against Michael J. Astrue, Commissioner of Social

6 Security, challenging the decision denying her disability insurance

7 benefits [ECF. No. 1].  On August 5, 2010, Defendant filed a Motion

8 to Dismiss, along with a Memorandum of Points and Authorities in

9 Support of the Motion, a declaration from Dennis V. Ford, and

10 Exhibits [ECF No. 8].  To date, Plaintiff has not filed an

11 opposition to the Motion.  The Court found Defendant's Motion

12 suitable for decision without oral argument, pursuant to Civil

13 Local Rule 7.1(d)(1) [ECF No. 9].

14      Although Civil Local Rule 7.1(f)(3)(c) provides that failure

15 to oppose a motion may constitute consent to the granting of the

16 motion, this Court will evaluate the merits of Defendant's Motion

17 to Dismiss.

18                    **I.  PROCEDURAL BACKGROUND**

19      In 2009, Stephanie Gardner sought judicial review of ALJ

20 Valentino's December 17, 2008 decision in a different case that was

21 also before this Court.  See Gardner v. Astrue, No. 09-cv-01608 BEN

22 (RBB) (S.D. Cal. filed July 24, 2009), ECF No. 1.

23 **A.   Plaintiff's Complaint Filed on July 24, 2009**

24      Gardner filed her first complaint against Michael J. Astrue on

25 July 24, 2009.  Id.  Plaintiff, then pro se and in forma pauperis,

26 sought judicial review of ALJ Valentino's December 17, 2008 written

27 decision denying her disability insurance benefits.  Id.; see

28 Gardner, No. 09-cv-01608 BEN (RBB) (order granting motion for leave

                                   2

1  to proceed in forma pauperis), ECF No. 3.   In that action, Gardner

2  alleged that on June 18, 2009, the Appeals Council denied her

3  request for review.  _Gardner_, No. 09-cv-01608 BEN (RBB) (complaint

4  at 3), ECF No. 1.  On November 3, 2009, the defendant filed an

5  answer and the administrative record.  _Id._ (answer and

6  administrative record), ECF Nos. 8, 9.  On the same day, this Court

7  issued an order setting the deadline for filing pretrial motions.

8  _Id._ (order setting deadline), ECF No. 10.

9      On March 23, 2010, United States District Court Judge Roger T.

10  Benitez noted that pretrial motions had not been filed and found

11  the case ready for disposition.  _Id._ (order setting schedule for

12  disposition), ECF No. 13.  He referred the matter to this Court for

13  a report and recommendation.  (_Id._)  On April 2, 2010, this Court

14  recommended that the case be dismissed for want of prosecution.

15  _Id._ (report and recommendation), ECF No. 14.  The report and

16  recommendation advised Gardner that she could file any objections

17  to the recommendations by April 23, 2010.  _Id._ at 7.  None were

18  filed, and on May 18, 2010, Judge Benitez adopted this Court's

19  recommendation and dismissed the case without prejudice.  _Id._ (slip

20  op.) ECF No. 15.

21  **B.   _Plaintiff's Complaint in This Case_**

22      On June 2, 2010, after Judge Benitez dismissed her first

23  complaint, Gardner filed a second complaint against the

24  Commissioner in a new case altogether [ECF No. 1].  Again, this

25  Court was randomly assigned to the case; a different district court

26  judge, Judge Larry A. Burns, was also assigned.  Plaintiff's

27  Complaint in this subsequent case is the subject of this Motion to

28  Dismiss.  This Complaint is virtually identical to the July 24,

1  2009 complaint.  (<u>Compare</u> Compl. 1-3, ECF No. 1), <u>with</u> <u>Gardner</u>, No.

2  09-cv-01608 BEN (RBB) (complaint at 1-3), ECF No. 1.  Plaintiff,

3  now represented by attorney Matty Sandoval, again seeks judicial

4  review of Commissioner Astrue's determination that Gardner is not

5  entitled to disability insurance or supplemental security income

6  benefits.  (Compl. 2, ECF No. 1.)  Plaintiff repeats her request

7  for a reversal of ALJ Valentino's December 17, 2008 written

8  decision denying her application for benefits.  (<u>Id.</u> at 2-3.)

9  Alternatively, Gardner asks that her case be remanded for a new

10 administrative hearing.  (<u>Id.</u>)  Gardner again alleges, "By 'Action

11 of Appeals Council on Request for Review' dated June 18, 2009, the

12 Appeals Council denied Plaintiff's Request for Review."  (<u>Id.</u> at

13 3.)  On June 3, 2010, Judge Burns referred the matter to this Court

14 for a Report and Recommendation.  (Order Reference 1, ECF No. 3.)

15 Defendant's Motion to Dismiss was filed approximately two months

16 later.  (Mot. Dismiss 1-2, ECF No. 8.)

17     The Court has reviewed the Complaint and Defendant's Motion to

18 Dismiss and attachments.  For the reasons set forth below, the

19 district court should **GRANT** Defendant's Motion to Dismiss.

20 **II.   LEGAL STANDARDS APPLICABLE TO DEFENDANT'S MOTION TO DISMISS**

21     A motion to dismiss for failure to state a claim pursuant to

22 Federal Rule of Civil Procedure 12(b)(6) tests the legal

23 sufficiency of the claims in the complaint.  <u>See</u> <u>Davis v. Monroe</u>

24 <u>County Bd. of Educ.</u>, 526 U.S. 629, 633 (1999).  "The old formula --

25 that the complaint must not be dismissed unless it is beyond doubt

26 without merit -- was discarded by the <u>Bell Atlantic</u> decision [<u>Bell</u>

27 <u>Atl. Corp. v. Twombly</u>, 550 U.S. 544, 563 n.8 (2007)]."  <u>Limestone</u>

28 <u>Dev. Corp. v. Vill. of Lemont</u>, 520 F.3d 797, 803 (7th Cir. 2008).

A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp., 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (citing Karam v. City of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003)); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); N.L. Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

The court does not look at whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Bell Atl. Corp. v. Twombly, 550 U.S. at 563 n.8. A dismissal under Rule 12(b)(6) is generally proper only where there "is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).

The court need not accept conclusory allegations in the complaint as true; rather, it must "examine whether [they] follow from the description of facts as alleged by the plaintiff." Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); see Halkin v. VeriFone, Inc., 11 F.3d 865, 868 (9th Cir.

1993); *see also Cholla Ready Mix, Inc.*, 382 F.3d at 973 (quoting
*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.
1994)) (stating that on Rule 12(b)(6) motion, a court "is not
required to accept legal conclusions cast in the form of factual
allegations if those conclusions cannot reasonably be drawn from
the facts alleged[]").  "Nor is the court required to accept as
true allegations that are merely conclusory, unwarranted deductions
of fact, or unreasonable inferences."  *Sprewell v. Golden State
Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

    In addition, when resolving a motion to dismiss for failure to
state a claim, courts may not generally consider materials outside
of the pleadings.  *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d
1194, 1197 n.1 (9th Cir. 1998); *Jacobellis v. State Farm Fire &
Cas. Co.*, 120 F.3d 171, 172 (9th Cir. 1997); *Allarcom Pay
Television Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th
Cir. 1995).  "The focus of any Rule 12(b)(6) dismissal . . . is the
complaint."  *Schneider*, 151 F.3d at 1197 n.1.  "When a plaintiff
has attached various exhibits to the complaint, those exhibits may
be considered in determining whether dismissal [i]s proper . . . ."
*Parks Sch. of Bus.*, 51 F.3d at 1484 (citing *Cooper v. Bell*, 628
F.2d 1208, 1210 n.2 (9th Cir. 1980)).  When a defendant attaches
extrinsic evidence to a motion to dismiss for failure to state a
claim, however, the court must convert the motion to one for
summary judgment so that the plaintiff has a chance to respond.
*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d
Cir. 1991).

    Nonetheless, courts may consider "documents whose contents are
alleged in a complaint and whose authenticity no party questions,

1  but which are not physically attached to the pleading . . . ."

2  Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on

3  other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119,

4  1123-24 (9th Cir. 2002); see Stone v. Writer's Guild of Am. W.,

5  Inc., 101 F.3d 1312, 1313-14 (9th Cir. 1996).  Thus, courts may

6  consider any documents on which the complaint relies and whose

7  authenticity is not suspect, even if they are attached to the

8  defendant's motion to dismiss.  See Anderson v. Clow (In re Stac

9  Elecs. Secs. Litig.), 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); Fecht

10  v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995); Cortec

11  Industries, Inc., 949 F.2d at 47-48.  Courts may consider documents

12  that are crucial to the plaintiff's claims but are not explicitly

13  incorporated in the complaint.  Anderson v. Clow (In re Stac Elecs.

14  Secs. Litig.), 70 F.3d at 1080 n.1; see United States v. Ritchie,

15  342 F.3d 903, 908 (9th Cir. 2003).  These rules prevent plaintiffs

16  from surviving Rule 12(b)(6) motions to dismiss legally deficient

17  claims by intentionally omitting from their complaints references

18  to documents on which they rely.  Pension Benefit Guar. Corp. v.

19  White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

20      These Rule 12(b)(6) guidelines apply to Defendant's Motion to

21  Dismiss.

22              **III.  DEFENDANT'S MOTION TO DISMISS**

23      Defendant argues that Gardner's Complaint is untimely.  (Mot.

24  Dismiss Attach. #1 Mem. P. & A. 3, ECF No. 8).  Specifically,

25  Astrue alleges the Complaint should be dismissed because it was

26  filed more than ten months after the sixty-day time limit provided

27  for in the Social Security Act and related regulations.  (Id. at 3-

28  5.)  The Commissioner also claims that there are no extraordinary

1  circumstances that would justify the application of equitable
2  tolling to this case.  (Id. at 5-6.)
3  **A.    Plaintiff's Complaint and the Limitations Period**
4       Almost four months have passed since Defendant's Motion was
5  filed; still, Gardner has not filed an Opposition to the Motion to
6  Dismiss her Complaint.
7       Defendant argues that Gardner's Complaint fails to state a
8  claim because it was filed late.  (Id. at 3-4).  "The
9  Commissioner's waiver of sovereign immunity is a condition of this
10 lawsuit.  Congress and the Commissioner have set the terms of that
11 waiver to include only those claims filed within sixty days after
12 the presumptive receipt of notice by Plaintiff of the
13 Commissioner's final decision 'or within such further time as the
14 Commissioner may allow.'"  (Id. at 4 (quoting 42 U.S.C. §§ 405(g),
15 (h) (West Supp. 2010); 20 C.F.R. §§ 404.901, 416.1401, 422.210(c)
16 (2010)).)  The Defendant contends that the Complaint must be
17 dismissed because it was filed after the sixty-day time period.
18 (Id. at 5.)  Moreover, "Plaintiff's June 2010 complaint appears to
19 be an attempt to readjudicate a matter that has already been
20 decided by this Court."  (Id. (citing Cato v. United States, 70
21 F.3d 1103, 1105 n.2 (9th Cir. 1990)).)
22      Judicial review of the Commissioner's administrative decisions
23 is governed by the Social Security Act.  Section 205(g) of the Act
24 provides as follows:
25           Any individual, after any final decision of the
             Commissioner of Social Security made after a hearing to
26           which he was a party . . . may obtain a review of such
             decision by a civil action commenced within sixty days
27           after the mailing to him of notice of such decision or
             within such further time as the Commissioner of Social
28           Security may allow.

8

42 U.S.C.A. § 405(g).  A claimant is presumed to have received notice of the final administrative decision within five days of the date on the notice, unless he or she can prove otherwise.  20 C.F.R. §§ 404.901, 416.1401.

Defendant does not dispute that Plaintiff timely filed her prior lawsuit on July 24, 2009, which was dismissed for want of prosecution on May 18, 2010.  (Mot. Dismiss Attach. #1 Mem. P. & A. 4 (citing id. Attach. #3 Ex. 7), ECF No. 8.)  In contrast, the Commissioner argues that "Plaintiff filed her current complaint -- with the benefit of an attorney -- on June 2, 2010, more than 10 months past the time provided in the statutory and regulatory framework."  (Id.)  Astrue contends that the 2010 Complaint is untimely because if the April 6, 2009 Appeals Council denial letter constituted the final administrative decision, Plaintiff had until June 10, 2009, to commence a civil action.  (Id.)  Alternatively, if the June 18, 2009 Appeals Council letter was the final decision, Gardner had until August 24, 2009, to file a civil action.  (Id.)

Defendant attached the Declaration of Dennis V. Ford as well as the following copies of documents as exhibits to the Motion to Dismiss:  (1) ALJ Valentino's December 17, 2008 written decision denying Gardner benefits; (2) the Appeals Council's April 6, 2009 denial of Plaintiff's request for review; (3) the Appeals Council's June 18, 2009 denial of her request for reopening; (4) Gardner's July 24, 2009 complaint; (5) this Court's recommendation to district court Judge Benitez that he dismiss the July 24, 2009 complaint for want of prosecution; (6) Plaintiff's June 2, 1010 Complaint in this case; and (7) the civil docket printout for case

9

1   number 3:09-cv-01608-BEN (RBB).  (Id. Attach. #2 Decl. Ford; id.

2   Attach. #3 Exs. 1-7.)

3        Although Plaintiff did not attach any exhibits to her

4   Complaint, it explicitly references the December 17, 2008 decision

5   denying her benefits, and the Appeals Council's June 18, 2009

6   denial of her request for review.  (Compl. 2-3.)  Because Gardner

7   is seeking judicial review of the ALJ's decision denying her

8   benefits and the Appeals Council's denial of her request for

9   review, documents relating to these decisions are essential to this

10  Complaint.  See Anderson v. Clow (In re Stac Elecs. Secs. Litig.),

11  89 F.3d at 1405 n.4; Fecht, 70 F.3d at 1080 n.1.  This Court will

12  therefore consider these decisions that are attached to Defendant's

13  Motion as exhibit numbers one, two, and three, when ruling on the

14  Motion to Dismiss.  Ritchie, 342 F.3d at 908; (see Mot. Dismiss

15  Attach. #3 Exs. 1-3, ECF No. 8.)

16       The Court will also consider the remaining exhibits attached

17  to Defendant's Motion, exhibit numbers four, five, six, and seven,

18  when ruling on the Motion.  Coto Settlement v. Eisenberg, 593 F.3d

19  1031, 1038 (9th Cir. 2010); (see Mot. Dismiss Attach. #3 Exs. 4-7,

20  ECF No. 8.)  All of Defendant's exhibits are documents from either

21  this Court or the Office of Disability Adjudication, and their

22  authenticity is not questioned.  See Fecht v. Price Co., 70 F.3d at

23  1080 n.1 (noting that courts may consider documents on which

24  plaintiff's complaint relies, so long as their authenticity is not

25  contested.)

26       Here, the administrative hearing occurred on December 4, 2008,

27  and ALJ Valentino issued a written decision on December 17, 2008.

28  (Mot. Dismiss Attach. #2 Decl. Ford 3, ECF No. 8; id. Attach. #3

10

1   Ex. 1.)  The decision became final on April 6, 2009, when the

2   Appeals Council sent Gardner notice of its decision denying her

3   request for review of the ALJ's adverse decision and advising her

4   that she could seek judicial review within sixty days.  (Id.

5   Attach. #2 Decl. Ford 3; id. Attach. #3 Ex. 2.)  Instead, on June

6   1, 2009, Gardner completed a Request For Review of Hearing

7   Decision/Order form, where she stated she is in constant pain, has

8   more problems with her foot, and will be having another surgery.

9   (Id. Attach. #3 Ex. 3, at 3.)  Also, she claimed she is receiving

10  treatment for her wrist but it is not helping.  (Id.)  On June 18,

11  2009, the Appeals Council informed Gardner that it denied her

12  request to reopen and found no reason to change the administrative

13  decision.  (Id.)  It stated that the "Appeals Council's decision is

14  the final decision of the Commissioner of Social Security in your

15  case."  (Id.)

16      The June 18, 2009 refusal to reopen and reconsider is not a

17  "final decision" within the meaning of section 405(g) and cannot

18  cure an untimely appeal filed more than sixty days after the denial

19  of benefits.  See Banta v. Sullivan, 925 F.2d 343, 344 (9th Cir.

20  1991) ("[T]he Appeals Council is entitled to make a threshold

21  inquiry into additional evidence submitted in order to resolve the

22  reopening issue without actually reopening the decision or

23  rendering a new final decision.") (citing Triplett v. Heckler, 767

24  F.2d 210 (5th Cir. 1985), cert. denied, 474 U.S. 1104 (1986) (per

25  curiam); Friddle v. Heckler, 720 F.2d 24 (8th Cir. 1983) (per

26  curiam); Biron v. Harris, 668 F.2d 259 (6th Cir. 1982) (per

27  curiam)).  Accordingly, the April 6, 2009 Notice of Appeals Council

28

1   Action is the date of the final administrative decision denying

2   Plaintiff benefits.  See id.

3       Gardner was required to file her civil suit by June 10, 2009,

4   sixty-five days after the date of the notice.  See 28 U.S.C.A. §

5   405(g) (providing that a claimant must file her complaint in

6   district court within sixty days of receipt of the final

7   administrative decision); 20 C.F.R. § 404.901 (stating that a

8   claimant is presumed to have received the decision within five days

9   of the date of the notice); 20 C.F.R. § 416.1401.  Because

10  Plaintiff did not file suit until June 2, 2010, nearly one year

11  later, her Complaint is untimely.  (See Compl. 1.)

12      Even if the Court assumes the Appeals Council's June 18, 2009

13  refusal to reopen constituted the final administrative decision,

14  Gardner would have had until August 23, 2009, to file suit.[1]  But

15  see Banta, 925 F.2d at 344 (explaining that an Appeals Council's

16  denial of a claimant's request to reopen does not constitute a

17  final decision).  Gardner did not file this Complaint until June 2,

18  2010, more than nine months past this deadline.  Her Complaint is

19  untimely.

20      Plaintiff has not filed within the time limit required by the

21  Social Security Act.  Without more, the Complaint should be

22  **DISMISSED.**

23  **B.   Equitable Tolling**

24      Defendant contends that equitable tolling of the statutory

25  deadline does not apply to this case.  (Mot. Dismiss Attach. #1

26  Mem. P. & A. 5, ECF No. 8.)  Although Plaintiff's first timely

27  _____

28      [1]  Because this fell on a Sunday, Plaintiff's deadline would
    have been August 24, 2009.

complaint was dismissed without prejudice, she may not "simply file another complaint based on the exact same decision that was previously at issue as though this were a fresh matter." (Id. at 6.)  Defendant asserts, "There are no extraordinary circumstances present here that would justify allowing Plaintiff to proceed on a complaint filed more than 10 months beyond the statutory time frame."  (Id.)

For claims arising under the Social Security Act, Congress generally intended for section 405(g) to "'compress the time for judicial review.'"  Matlock v. Sullivan, 908 F.2d 492, 494 (9th Cir. 1990) (quoting Peterson v. Califano, 631 F.2d 628, 630 (9th Cir. 1980)).  The sixty-day filing requirement provided for in section 405(g) is treated as a statute of limitations period and is subject to equitable tolling.  Muller v. Astrue, No. 1:10-cv-00363 GSA, 2010 U.S. Dist. LEXIS 60784, at *2 (E.D. Cal. June 16, 2010) (citing Bowen v. City of New York, 476 U.S. 467, 479 (1986); Banta, 925 F.2d at 346; Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987); see 28 U.S.C.A. § 405(g).)  "[T]he power to determine when finality has occurred ordinarily rests with the Secretary . . . .  But cases may arise where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate."  Matthews v. Eldridge, 424 U.S. 319, 330 (1976); Bowen, 476 U.S. at 480; Banta, 925 F.2d at 345-46.  In these instances, courts may apply equitable tolling and to the sixty-day requirement.  See Vernon, 811 F.2d at 1277; Banta, 925 F.2d at 345-46 (finding no evidence of waiver and that equitable tolling is inappropriate); see Muller, 2010 U.S. Dist. LEXIS 60784, at *2.

13

A court may grant a motion to dismiss based on the running of the statute of limitations period only if the assertions of the complaint, read liberally, would not allow the plaintiff to prove that the statute was tolled. <u>Cashman v. Astrue</u>, No. 07-00560 ACK-BMK, 2008 U.S. Dist. LEXIS 49707, at *6 (D. Haw. June 27, 2008). "The tolling of the limitations period contained in § 405(g) is 'not infrequently appropriate' because it was designed by Congress to be 'unusually protective' of claimants." <u>Id.</u> at **7-8 (citing <u>New York v. Sullivan</u>, 906 F.2d 910, 917 (2d Cir. 1990); <u>Bowen</u>, 476 U.S. at 480). Even so, equitable tolling does not apply to "a garden variety claim of excusable neglect." <u>Id.</u> at *7.

Courts may toll the statute of limitations only if tolling is justified by "'traditional equitable tolling principles.'" <u>Hess v. Astrue</u>, No. CV-08-00131-FRZ-JCG, 2008 U.S. Dist. LEXIS 109624, at *6 (D. Ariz. Dec. 11, 2008) (quoting <u>Jackson v. Astrue</u>, 506 F.3d 1349, 1355 (11th Cir. 2007). "A court should dismiss an action that was not filed within the sixty (60) day period set forth by 42 U.S.C.A. 405(g) unless the 'litigant can show that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way."'" <u>Id.</u> at *7 (quoting <u>Torres v. Barnhart</u>, 417 F.3d 276, 279 (2d Cir. 2005) (citations omitted); <u>see, e.g.</u>, <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990) (finding extraordinary circumstances where claimant was pursuing his claim but filed a defective pleading or was tricked by his adversary's misconduct into letting the deadline pass). A claimant's failure to exercise due diligence because of his or her own neglect does not constitute extraordinary circumstances. <u>Hess</u>, 2008 U.S. Dist. LEXIS 109624, at *7 (citing <u>Irwin</u>, 498 U.S. at 96); <u>see also Jackson</u>, 506 F.3d at

14

1   1356 (finding no extraordinary circumstance where claimant argued
2   her limited legal experience prevented her from timely filing a
3   civil action).

4       Here, nothing in the record suggests that equitable tolling is
5   appropriate.  Gardner has not offered any explanation for her
6   failure to file her 2010 Complaint within the sixty-day filing
7   period.  See Hess, 2008 U.S. Dist. LEXIS 109624, at *7; 28 U.S.C.A.
8   § 405(g).  She did not object to the recommendation that her
9   separate 2009 suit be dismissed.  Nor had she sought any extensions
10  of time in which to file the current suit.  (See Mot. Dismiss
11  Attach. #2 Decl. Ford 3, ECF No. 8.)  In fact, Plaintiff did not
12  even oppose this Motion to Dismiss.  There is no basis to apply
13  equitable tolling should apply to Gardner's untimely Complaint.

14      For the reasons stated above, Plaintiff's Complaint should be
15  **DISMISSED WITH PREJUDICE.**

16                **IV.   CONCLUSION AND RECOMMENDATION**

17      The Court recommends that this case be dismissed with prejudice
18  for failure to state a claim.  This Report and Recommendation will
19  be submitted to the United States District Court Judge assigned to
20  this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).
21  Plaintiff may file written objections with the Court and serve a
22  copy on all parties on or before December 22, 2010.  The document
23  should be captioned "Objections to Report and Recommendation."
24  Failure to file an objection within the specified time may waive the
25  right to appeal the district court's order.  Martinez v. Ylst, 951
26  F.2d 1153 (9th Cir. 1991).
27  //
28

1  Any reply to a party's "Objections to Report and Recommendation" may

2  be filed by January 12, 2011.

3

4  Dated: December 1, 2010

                                        RUBEN B. BROOKS
5                                       United States Magistrate Judge

   cc:   Judge Burns
6         All Parties of Record

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28